UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RETAINED REALTY, INC., <br><br> Plaintiff, <br><br> v. <br><br> GREEN TECH CORP. and JOSEPH M. DISTASIO, <br><br> Defendants, <br><br> v. <br><br> EMIGRANT FUNDING CORPORATION, <br><br> Third-Party Defendant. | Civil Action No. 21-cv-10781-ADB |

## **MEMORANDUM AND ORDER GRANTING SUMMARY JUDGMENT**

BURROUGHS, D.J.

    Plaintiff Retained Realty, Inc. ("Retained Reality") brings this action against Green Tech Corp. ("Green Tech"), Joseph Distasio, and Emigrant Funding Corporation ("Emigrant Funding"), seeking a declaratory judgment that it is the true and lawful owner of the property at issue, as well as possession of the property, and payment for past use and occupancy, following its purchase of the property at foreclosure. [ECF No. 1 at 6–10 ("Compl.")]. Currently before the Court is Retained Reality's motion for summary judgment seeking judgment in its favor on all claims. [ECF No. 35]. For the reasons set forth below, Retained Realty's motion is GRANTED.

I.      BACKGROUND

     A.      **Local Rule 56.1**

Local Rule 56.1 requires that "[a] party opposing [a] motion [for summary judgment] shall include a concise statement of the material facts of record as to which it is contended that there exists a genuine issue to be tried, with page references to affidavits, depositions and other documentation." L.R. 56.1. "Local Rule 56.1 was adopted to expedite the process of determining which facts are genuinely in dispute, so that the court may turn quickly to the usually more difficult task of determining whether the disputed issues are material." Brown v. Armstrong, 957 F. Supp. 1293, 1297 (D. Mass. 1997), aff'd, 129 F.3d 1252 (1st Cir. 1997).

"Where a party opposing a motion for summary judgment fails to comply with Local Rule 56.1, the court has the discretion to decide whether to impose the sanction of deeming the moving party's factual assertions to be admitted." Butters v. Wells Fargo Advisors, LLC, No. 10-cv-10072, 2012 WL 5959986, at *2 (D. Mass. Nov. 27, 2012) (citing Swallow v. Fetzer Vineyards, 46 F. App'x 636, 638–39 (1st Cir. 2002)); see also Summers v. City of Fitchburg, 940 F.3d 133, 138 (1st Cir. 2019) ("Here, the [non-moving party] flouted Local Rule 56.1 and allowed the [the moving party] to map the boundaries of the summary judgment record. Such actions have consequences, and the district court deemed the [moving party's] statement of undisputed material facts admitted. Given the clarity of Local Rule 56.1 and the important function that it serves, the district court was fully justified in limiting the summary judgment record to the four corners of the [moving party's] statement of undisputed material facts." (first citing United States v. McNicol, 829 F.3d 77, 80–81 (1st Cir. 2016); then citing Schiffmann v. United States, 811 F.3d 519, 524–25 (1st Cir. 2016))).

Here, as part of its memorandum in support of its motion, Retained Realty included a "Statement of Undisputed Material Facts," which included numbered paragraphs and cited to

twenty-two exhibits. [ECF Nos. 36–38]. Neither Green Tech nor Emigrant Funding responded to the motion, and, as a result, the Court ordered Defendants to show cause, in writing, by March 24, 2023, why Plaintiff's motion should not be granted for the reasons articulated therein. [ECF No. 39]. The Court subsequently granted three motions for an extension of time to respond to the motion, [ECF Nos. 40–45], but Defendants never filed a response. Thus, on May 2, 2023, the Court ruled that

> all of the facts set forth in Plaintiff's statement of material facts, [ECF No. 37], are hereby deemed admitted, see D. Mass. Local Rule 56.1. In addition, the Court will consider Plaintiff's motion for summary judgment as unopposed. See Aguiar-Carrasquillo v. Agosto-Alicea, 445 F.3d 19, 25 (1st Cir. 2006) ("It is well-settled that 'before granting an unopposed summary judgment motion, the court must inquire whether the moving party has met its burden to demonstrate undisputed facts entitling it to summary judgment as a matter of law.'" (quoting López v. Corporación Azucarera de P.R., 938 F.2d 1510, 1517 (1st Cir. 1991)).

[ECF No. 46]. Defendants still have not responded, and the Court's ruling stands. As a result, Retained Realty's Statement of Undisputed Material Facts is deemed admitted and its motion is unopposed.

### B. Factual Background[1]

#### 1. The Foreclosure

On April 14, 2005, Distasio executed and delivered a promissory note (the "Note") in favor of Emigrant Funding in the amount of $225,000. [ECF No. 37 ¶ 1]. As security for the Note, Distasio gave a commercial mortgage (the "Mortgage") on the property at 41 Union Street, Holbrook, MA (the "Property") to Emigrant, dated April 14, 2005, and recorded it in the Norfolk County Registry of Deeds. [Id. ¶ 2]. Distasio owned the Property as an investment and did not occupy it as his principal residence. [Id. ¶ 3].

---

[1] The Court draws the facts from Retained Realty's Statement of Undisputed Material Facts and the documents cited therein, which are undisputed. [ECF Nos. 37–38].

As relevant here, the Mortgage provides that "for any breach" that "becomes an Event of Default, Mortgagee [Emigrant] shall have the STATUTORY POWER OF SALE." [ECF No. 38-1 at 29]. It also provides that

> any notice to Mortgagor [Distasio] provided for in this Mortgage or in the Note shall be given in writing by mailing such notice by certified mail, return receipt requested, or by sending such notice by a recognized overnight courier with postage, freight, and any other charges paid, with a receipt therefor, addressed to Mortgagor at Mortgagor's address stated [in the Mortgage] or at such other address as Mortgagor may designate by notice . . . .

[Id. at 25]. Distasio's listed address in the Mortgage is 80 Canavan Drive, Braintree MA, 02343. [Id. at 8].

On June 21, 2011, Emigrant sent Distasio a notice of default under the Note and the Mortgage. [ECF No. 37 ¶ 5]. After an extension, Emigrant again sent Distasio a notice of default under the Mortgage on May 17, 2012. [Id. ¶¶ 7–10]. On July 8, 2013, Distasio commenced an action against Emigrant for wrongful foreclosure, challenging an anticipated foreclosure sale in Norfolk Superior Court. [Id. ¶ 11]. The claim was dismissed with prejudice for failure to state a claim on May 3, 2019. [Id. ¶¶ 11, 13–14].

Meanwhile, on October 14, 2016, Emigrant executed a certification pursuant to Massachusetts 209 CMR § 18.21A(2)(c) (the "Noteholder Certification") indicating that it was the holder/owner of the Note and the holder of record of the Mortgage. [ECF No. 37 ¶ 12]. In addition, on August 15, 2019, Emigrant recorded an "[a]ffidavit [r]egarding [n]ote [s]ecured by a [m]ortgage to be [f]oreclosed" ("Pre-Foreclosure Noteholder Affidavit") with the Norfolk County Registry of Deeds. [Id. ¶ 15].

On August 30, 2019, Emigrant began to satisfy the statutory prerequisites required for foreclosure as set forth in Mass. Gen. Laws ch. 244, § 14. [ECF No. 37 ¶ 16]. First, on August 30, 2019, Emigrant mailed to Distasio by first class U.S. mail a notarized "Notice of Intent to

4

Foreclose Mortgage" and a copy of the Notice of Mortgagee's Sale of Real Estate ("Notice of Sale"). [Id.; ECF No. 38-1 at 79–82]. Second, on September 4, 2019 and then again on September 11, 2019 and September 18, 2019, Emigrant published the Notice of Sale in the Journal Register. [ECF No. 37 ¶ 17].

Seven days later, on September 25, 2019, Emigrant conducted a non-judicial foreclosure sale (the "Foreclosure") of the Property, at which Retained Realty was the highest bidder. [ECF No. 37 ¶ 18]. Emigrant was both the mortgagee of record of the Mortgage and the holder/owner of the Note at all times leading up to the Foreclosure. [ECF No. 37 ¶¶ 21–22]. At the time of the Foreclosure, Distasio remained in default. [Id. ¶ 20].

Retained Realty purchased the Property at the Foreclosure sale for $569,364.82. [ECF No. 37 ¶ 19]. On November 20, 2019, the deed conveying title to the Property to Retained Realty was recorded with the Norfolk County Registry of Deeds. [Id. ¶ 23]. Also on November 20, 2019, Emigrant recorded a post-sale affidavit with the Norfolk County Registry of Deeds. [Id. ¶ 24].

2. Green Tech

Green Tech is a corporation owned and operated by Distasio and his wife, Jill Distasio. [ECF No. 37 ¶¶ 25–26]. Green Tech has been using the Property as its place of business since March 22, 2010, which was its date of incorporation in Massachusetts. [Id. ¶¶ 25, 29].

After the Foreclosure, on January 14, 2020, Retained Realty served Green Tech with a Post-Foreclosure 14-Day Notice to Quit (the "Notice to Quit"). [ECF No. 37 ¶ 30]. Though Green Tech had no tenancy agreement with Retained Reality, it did not voluntarily vacate the Property within the allotted time and continued to occupy the Property. [Id. ¶¶ 31–33].

On February 24, 2020, Retained Reality commenced a summary process action against Green Tech in Metro South Housing Court ("Housing Court") seeking a judgment for possession

of the first-floor commercial unit in the Property and a judgment for unpaid use and occupancy. [ECF No. 37 ¶ 34]. On April 14, 2021, after jurisdiction was questioned in the Housing Court, Retained Realty and Green Tech filed a stipulation of dismissal to allow them to proceed in a court of competent jurisdiction. [Id. ¶ 37].

Since the September 25, 2019, Foreclosure, Retained Realty has advanced payments for taxes and insurance totaling $41,106.32. [ECF No. 37 ¶ 38]. Green Tech still occupies the Property today. [Id. ¶ 33].

### C. Procedural History

Retained Realty filed its three-count complaint on May 13, 2021, seeking (1) declaratory judgment that it is the true and lawful owner of the Property (Count I), [Compl. ¶¶ 36–50]; (2) possession of the Property (Count II), [id. ¶¶ 51–60]; and (3) payment for occupancy and use (Count III), [id. ¶¶ 61–72]. On July 26, 2021, Defendants answered the complaint and brought counterclaims against Retained Realty. [ECF No. 8]. Then, on August 8, 2021, Defendants filed a third-party complaint against Emigrant. [ECF No. 11]. Retained Realty and Emigrant jointly moved to dismiss the counterclaims and third-party claims on November 1, 2021, [ECF No. 20], and the Court granted the motion to dismiss on September 15, 2022, [ECF No. 31].

Retained Realty filed its motion for summary judgment on all counts on February 10, 2023, [ECF No. 35], and as explained above, Defendants did not oppose the motion, see supra.

## II. LEGAL STANDARD

Summary judgment is appropriate where the moving party can show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Where a motion for summary judgment is unopposed, as is the case here, it "does not automatically give rise to a grant of summary judgment." Aguiar-Carrasquillo, 445 F.3d at 25. Instead, "the district court [is] still obliged to consider the motion on its merits, in

6

light of the record as constituted, in order to determine whether judgment would be legally appropriate." Id. (internal quotation marks omitted).  In so doing, the Court must draw all reasonable inferences in favor of the nonmoving party, and it "may not make credibility determinations or weigh the evidence," Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 150 (2000), because "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge," id. (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)).

**III.     DISCUSSION**

**A.     Count I: Declaratory Judgment that Retained Realty is the True and Lawful Owner of the Property**

If a mortgage provides for a power of sale, the mortgagee, in exercising the power, may foreclose without obtaining prior judicial authorization upon non-payment of the mortgage note. Eaton v. Fed. Nat. Mortg. Ass'n, 969 N.E.2d 1118, 1127–28 (Mass. 2012) (citing Mass. Gen. Laws. ch. 183, § 21).  "For a foreclosure sale pursuant to the power to be valid, the mortgagee must . . . comply with the terms of the mortgage and with the statutes relating to the foreclosure of mortgages by the exercise of a power of sale."  Id. (citing Mass. Gen. Laws. ch. 183, § 21) (other internal citations and quotations omitted) (cleaned up).

With regard to the Massachusetts statutes, the foreclosing entity must both hold the mortgage and either hold the note or act as an agent of the noteholder.  Dyer v. Wells Fargo Bank, N.A., 956 F.3d 62, 65 (1st Cir. 2020) (citing Eaton, 969 N.E.2d at 1129, 1131); see also Culhane v. Aurora Loan Servs. of Neb., 708 F.3d 282, 287 (1st Cir. 2013) ("The Massachusetts Supreme Judicial Court (SJC) recently interpreted the statutes governing foreclosure by sale as requiring a foreclosing mortgagee both to control the note (either as the noteholder or as its agent) and to hold the mortgage.").  The foreclosing party (here, Emigrant) may satisfy its

burden of demonstrating an interest in the note by recording an affidavit with the appropriate Registry of Deeds pursuant to Mass. Gen. Laws. ch. 183, § 54B. Eaton, 969 N.E.2d at 1133 n.28.

In addition, the foreclosing party must comply with "[t]he requirements for exercising th[e] statutory power of sale [that] are laid out in Massachusetts General Laws Chapter 244, § 14," Dyer, 956 F.3d at 65, which, as relevant here, provides the following:

> [(1)] The mortgagee or person having estate in the land mortgaged, or a person authorized by the power of sale, . . . may,
>
> [(2)] upon breach of condition and without action, perform all acts authorized or required by the power of sale; provided, however, that no sale under such power shall be effectual to foreclose a mortgage, unless, previous to such sale,
>
> [(3)] notice of the sale has been published once in each of 3 successive weeks, the first publication of which shall be not less than 21 days before the day of sale, in a newspaper published in the city or town where the land lies or in a newspaper with general circulation in the city or town where the land lies[,]
>
> [(4)] notice of the sale has been sent by registered mail to the owner or owners of record of the equity of redemption as of 30 days prior to the date of sale, said notice to be mailed by registered mail at least 14 days prior to the date of sale to said owner or owners to the address set forth in section 61 of chapter 185, if the land is then registered . . . [,]
>
> [(5)] A notice of sale . . ., published in accordance with the power in the mortgage and with this chapter, together with such other or further notice, if any, as is required by the mortgage, shall be a sufficient notice of the sale; and
>
> [6] the premises shall be deemed to have been sold and the deed thereunder shall convey the premises[.]

Mass. Gen. Laws ch. 244, § 14.

Here, Emigrant properly foreclosed on the Property because it (1) complied with the requirements of the Mortgage; (2) held the Mortgage and the note at the time of the Foreclosure; and (3) complied with the statutory requirements set forth in Mass. Gen. Laws ch. 244, § 14.

First, Emigrant complied with the Mortgage.  The Mortgage provides for the statutory power of sale, [ECF No. 38-1 at 29], and is therefore subject to foreclosure without obtaining prior judicial authorization upon non-payment of the mortgage note.  Eaton, 969 N.E.2d at 1127–28.  In addition, on May 17, 2012, Emigrant sent Distasio a notice of default by certified mail to the address listed in the Mortgage.  [ECF No. 37 ¶ 10; ECF No. 38-1 at 56–57].

Second, Emigrant had standing to foreclose on the Property as it was the mortgagee of record of the Mortgage and the holder/owner of the Note at all times leading up to the Foreclosure, [ECF No. 37 ¶¶ 21–22], and also recorded the Pre-Foreclosure Noteholder Affidavit with the Norfolk County Registry of Deeds, [id. ¶ 15; ECF No. 38-1 at 77–78]; see Mass. Gen. Laws. ch. 183, § 54B; Dyer, 956 F.3d at 65; Culhane, 708 F.3d at 287; Eaton, 969 N.E.2d at 1133 n.28.

Third, Emigrant complied with the requirements of Mass. Gen. Laws ch. 244, § 14:

- It had statutory power of sale under the mortgage, [ECF No. 38-1 at 29];

- Because Distasio breached the mortgage, Emigrant was authorized to execute the power of sale, [ECF No. 37 ¶¶ 5–10];

- On August 30, 2019, Emigrant mailed by certified mail a notice of sale,[2] [ECF No. 37 ¶ 16; ECF No. 38-1 at 79–123];

- Beginning on September 4, 2019, and again on September 11 and September 18, 2019, Emigrant published the notice of sale in the Journal Register newspaper, and it is not disputed that the Journal Register was an appropriate publication in which to publish the notice, [ECF No. 37 ¶ 17];

- On September 25, 2019, at least 14 days after sending Distasio the notice of sale and not less than 21 days after the first notice in the Journal Register, Emigrant conducted the Foreclosure sale, [ECF No. 37 ¶ 18].

---

[2] "In Massachusetts, registered mail, when used in reference to the sending of notice, includes certified mail." Davis v. Deutsche Bank Nat'l Trust, No. 12-cv-11738, 2015 WL 12778369, at *9 (D. Mass. Aug. 4, 2015) (citing Mass. Gen. Laws. ch. 4, § 7).

Thus, the Property was properly sold and Retained Realty was granted a foreclosure deed conveying title to the Property to it, [ECF No. 38-1 at 125], which was then recorded with the Norfolk County Registry of Deeds on November 20, 2019, [ECF No. 37 ¶ 23].

As a result, Emigrant executed a valid sale of the Property to Retained Realty, who now owns the property. The Court therefore finds that Retained Realty is entitled to a declaratory judgment that it is the true and lawful owner of the Property.

### B.    Count II: Possession of the Property

To establish a claim for possession of the Property, Retained Realty must show "that it obtained a deed to the property at issue and that the deed and affidavit of sale, showing compliance with statutory foreclosure requirements, were recorded." Bank of N.Y. v. Bailey, 951 N.E.2d 331, 334 (Mass. 2011). As explained above, Retained Realty acquired the Property through a valid foreclosure sale that complied with the statutory requirements. See supra. In addition, Retained Realty was granted a foreclosure deed that conveyed title to the Property to it, which was recorded along with an affidavit of sale with the Norfolk County Registry of Deeds. [ECF No. 37 ¶¶ 23, 24; ECF No. 38-1 at 125–130]. Thus, Retained Realty is entitled to summary judgment on its claim for possession of the Property.

### C.    Count III: Payment for Occupancy and Use

In Massachusetts, a tenant at sufferance is liable for use and occupancy of the property at issue. Davis v. Comerford, 137 N.E.3d 341, 348–49 (Mass. 2019); Mass. Gen. Laws ch. 186, § 3. If title is acquired pursuant to a valid foreclosure that strictly complied with the statutory power of sale incorporated within the terms of the mortgage, the foreclosure results in the termination of all rights of the mortgagor in the Property, who in turn becomes a tenant at sufferance. Spodek v. U.S. Postal Service, 35 F. Supp. 2d 160, 165 (D. Mass. 1999) ("A tenancy at sufferance occurs when a tenant merely continue[s] to hold possession of the premises . . . and

10

ha[s] made no contract as to the character of [his] occupancy after the expiration of the lease term," and where nothing "indicates that the parties have reached an express or implied agreement, which would convert the tenancy into a tenancy at will" (internal citations and quotation marks omitted) (alteration in original)); Benton v. Williams, 88 N.E. 843, 844 (Mass. 1909); Bank of N.Y. Mellon v. Morin, 136 N.E.3d 396, 407 (Mass. App. Ct. 2019); see also Davis, 137 N.E.3d at 348 n.12 (Mass. 2019) ("A tenant at sufferance is the term used for a person who continues in possession of premises after termination of a tenancy"); Margosian v. Markarian, 192 N.E. 612, 613 (Mass. 1934) ("A tenant at sufferance has no estate nor title, but only a naked possession, without right and wrongfully, and stands in no privity to the landlord."). "The payment for use and occupancy imposed by this statute was intended to prevent any tenant from occupying premises without making compensation to his landlord." Davis, 137 N.E.3d at 349 (internal quotation marks omitted).

As explained above, Emigrant and, in turn, Retained Realty, properly acquired title to the Property. See supra. Green Tech remains at the Property despite not having a tenancy agreement, [ECF No. 37 ¶¶ 31–33], and is therefore a tenant at sufferance. See Davis, 137 N.E.3d at 348 n.12. As a tenant at sufferance, Green Tech is statutorily liable to Retained Realty for its unauthorized use and occupancy of the Property. See Spodek, 35 F. Supp. 2d. at 165 (citing Mass. Gen. Laws ch. 186, § 3). Thus, Retained Realty is entitled to summary judgment on its claim for use and occupancy.

As to the amount due, "[a] tenant at sufferance is liable for the reasonable worth of its use and occupancy and/or detention of the premises." Dale v. H.B. Smith Co., 136 F.3d 843, 850 (1st Cir. 1998). The Court is currently without sufficient information to determine the reasonable worth of Green Tech's use and occupancy of the Property. Thus, before the Court

rules on an appropriate amount, Retained Realty must file a request, with sufficient supporting facts, setting forth the reasonable worth of Green Tech's use and occupancy.

## IV.     CONCLUSION

Accordingly, Retained Realty's motion for summary judgment is <u>GRANTED</u> as to all claims.

**SO ORDERED.**

July 18, 2023                                                                                         /s/ Allison D. Burroughs
                                                                                                              ALLISON D. BURROUGHS
                                                                                                              U.S. DISTRICT JUDGE